IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------x
In re:                              :
                                    :        In Chapter 13
PATRICIA PITTMAN                    :
                                    :        Bankruptcy No. 14-17665 (AMC)
                    Debtor.         :
---------------------------------------------------x

**THE CITY OF PHILADELPHIA'S
OBJECTION TO THE PROPOSED SECOND AMENDED CHAPTER 13 PLAN**

TO THE HONORABLE ASHLEY M. CHAN:

AND NOW, comes the City of Philadelphia, (the "City"), by and through its Counsel, Pamela Elchert Thurmond, Assistant City Solicitor, to object to the proposed second amended Chapter 13 plan (the "Plan"), of the above-captioned debtor (the "Debtor"). The City avers the following in support thereof:

1. On or about September 23, 2014, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

2. Also on September 23, 2014, the Debtor filed a Schedule A alleging she is a tenants in common owner of the property addressed 3848 N. Smedley St., Philadelphia, PA (the "Subject Property").  See Schedule A attached as Exhibit A.

3. On October 21, 2013, the Sheriff of Philadelphia County (the "Sheriff") sold the Subject Property at a tax sale (the "Tax Sale") to Sahil S. Singhal (the "Buyer") for a purchase price of Thirteen Thousand One Hundred Dollars ($13,100).

4. As a result of the Tax Sale, the Sheriff conveyed the Subject Property to the Buyer who is the sole owner of the Subject Property; therefore, the Debtor is not a owner

of the Subject Property. The Deed transferring the title was recorded on February 26, 2014. A copy of the Deed is attached hereto as Exhibit B ("Sheriff's Deed).

### OBJECTION #1 – Failure to Follow Proper Procedure for Redemption

5. Bankruptcy Rule of Civil Procedure 6008 states:

> On motion by the debtor, trustee, or debtor in possession and after a hearing on notice as the court may direct, the court may authorize the redemption of property from a lien or from a sale to enforce a lien in accordance with applicable law.

Fed. R. Bankr. P. 6008.

6. The Debtor has not complied with Rule 6008 because she failed to file a motion to redeem the Subject Property.

7. Under the Municipal Claims and Tax Liens Act (the "MCTLA") an owner of a property sold at a tax sale may "redeem the same at any time within nine months from the date of the acknowledgement of the sheriff's deed." 53 P.S. § 7293(a).

8. Per the Sheriff's Deed, the deed was acknowledged by the Sheriff for the Subject Property on December 30, 2013.

9. The Debtor failed to redeem the Subject Property within the nine (9) months provided by the MCTLA as no motion to redeem has ever been filed to date.

10. The Debtor filed for bankruptcy protection on September 23, 2014 almost immediately before the expiration of the redemption period under state law.

11. The Bankruptcy Code may provide sixty (60) days from the order of relief for a debtor in possession to seek redemption of a property when the time allowed by non-bankruptcy law has not expired. *See* 11 U.S.C. § 108(b); *In re Froehle*, 286 B.R. 94, 99 n. 3 (8th Cir. 2002) (*citing In re Johnson*, 719 F.2d 270, 278 n. 11 ("Although § 108(b) refers

only to the trustee, it is generally accepted that debtor-in-possession possess the same privilege"); and *In re Farmer*, 81 B.R. 857, 862 (Bankr. E.D. Pa. 1988).

12. Even with the additional sixty (60) days that **may** have been available, the latest the Debtor could have filed a motion to redeem the Subject Property would have been November 30, 2014.

13. The Debtor may not redeem the Subject Property as she failed to file a motion to redeem before November 30, 2014.

14. The Plan should not be confirmed as it provides for the redemption of the Subject Property despite the Debtor's failure to file a motion to redeem within the time allowed under the MCTLA, or as may have been extended by the Bankruptcy Code.

### OBJECTION #2 – Sheriff's Sale Purchaser does not have a claim pursuant to Section 105 and therefore there is no claim that can be modified pursuant to 1322(b)(2)

15. The Plan also provides that the Buyer, "Sahil S. Singhal shall receive $16,908.11 in equal installments throughout the period of the plan." *See* The Plan, at ¶ 2(B)(i).

16. The MCTLA only provides for the redemption of a property "upon payment of [1] the amount bid…[2] the cost of drawing, acknowledging, and recording the sheriff's deed; [3] the amount of all taxes and municipal claims…[4] the principal and interest of estates and encumbrances, not discharged by the sale…[5] insurance upon the property…[6] other charges and necessary expenses of the property…[7] a sum equal to interest at the rate of ten percentum per annum thereon, from the time of each of such payments." 53 P.S. § 7293(a)(emphasis added).

17. The MCTLA does not allow a party *See*king to redeem property to make payments over time but directs that redemption only happens "upon payment" of all of the amounts required by statute. See 53 P.S. § 7293(a).[1]

18. According to MCTLA, a redemption petition must set forth "his readiness to pay the redemption money." See 53 P.S. § 7293(b); City of Philadelphia v. Keilyk, 380 Pa. Super. 362, 364 (Pa. Super. Ct. 1988) ("The statute, therefore, provides for redemption only upon payment of the full sum paid by the successful bidder, the appellant in this case.")

19. Section 1322(b)(2) states that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

20. Pursuant to Section 101(5)(A) a claim is defined as "a right to payment." In order for a claim to be present, there must be some legal obligation by the debtor.

> -H.R. Rep. No. 95-59 at 309 (1977) (the Code "contemplates that all legal obligations of the debtor" are claims).
> -Pennsylvania Department of Welfare v. Davenport, 495 US 552, 558 (1990) (superseded by statute on other grounds)( holding that a claim "is a right to payment" and a right to payment is "nothing more nor less than an enforceable obligation.")
> -In re Richter, 2015 WL 251280, at *8 (Bankr. C.D. Cal. 2015) ("The 'right to payment' requires, in addition to enforceability, that there be an obligation.").

20. Redemption is a voluntary action by the debtor as the Sheriff's Sale purchaser cannot force the former home owner to redeem the property and therefore, there is no legal obligation and thus, no claim.

---

[1] Similarly, a redemption of personal property pursuant to Section 722 requires payment in full.

21. Moreover, MCTLA contemplates the exercise of the redemption right only upon the payment of the redemption amount so there is no moment in time where the Debtor owes a debt to Sheriff's Sale purchaser. Rather, a redemption right under state law can only be exercised when the payment is present, akin to a substantially contemporaneous exchange as contemplated under the preference statute.

22. Allowing the Debtor to make payments to the Buyer over a five (5) year period would "improperly extend the redemption period beyond that provided by state law." See In re Froehle, 286 B.R. at 103. The Plan should not be confirmed as it improperly *seeks* to modify that claim by extending payments to redeem the Subject beyond that allowed by state law.

23. Other Courts have stressed that redemption must conform to applicable non-bankruptcy law and not convert the Sheriff's Sale purchaser unfairly to a secured creditor. See e.g., Stage I Land Co., 60 B.R. 539, 542 (Bankr. D. Minn. 1986) (holding that "right of redemption cannot be transformed through the mere filing of a bankruptcy petition into a restructurable debt."); In re Glen, 760 F.2d 1428, 1422 (6th Cir. 1985) (holding that "the practical effect of allowing the debtor to pay the redemption amount over an extended period would in many respects be the same as a suspension of the redemption period [under 362]. . . We, therefore, decline to accept this view."); In re McCarn, 218 B.R. 154, 163 (10th Cir. BAP 1998)("the debtor may still redeem the property sold at a foreclosure sale provided that the debtor does so according to applicable state law."); In re Mutamba, 200 B.R. 790 (Bankr. D.N.J. 1996) (holding debtor must redeem in accordance with state law); Justice v. Valley National Bank, 849 F.2d 1078 (8th Cir. 1988) (can't modify the redemption amount to pay it over life of the plan in a Chapter 12 case).

WHEREFORE, the City respectfully requests that this Court DENY confirmation of the Plan.

                                         Respectfully submitted,

                                         THE CITY OF PHILADELPHIA

Dated: April 26, 2015      By:   */s/ Pamela Elchert Thurmond*
                                        PAMELA ELCHERT THURMOND
                                        Assistant City Solicitor
                                        PA Attorney I.D. 202054
                                        Attorney for the City of Philadelphia
                                        City of Philadelphia Law Department
                                        Municipal Services Building
                                        1401 JFK Boulevard, 5th Floor
                                        Philadelphia, PA 19102-1595
                                        215-686-0508 (phone)
                                        Email: Pamela.Thurmond@phila.gov